IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Kimberly Ann Nolen, | ) Civil Action No.: 7:12-cv-02877-MGL-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Cherokee County, Ben Clary, Barry J. ) | |
| Barnette, Marlana Dover, Greg ) | |
| Phillips, Vickie Campbell, John Doe, ) | |
| and Jane Doe, | |
| | |
| Defendants. | |

Plaintiff is proceeding in this action pro se.[*] On November 22, 2013, Defendants filed a motion for summary judgment. [Doc. 54.] On November 25, 2013, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure/dismissal and the possible consequences if she failed to respond adequately. [Doc. 55.] Despite this explanation, Plaintiff elected not to respond to the motion.

As Plaintiff is proceeding pro se, the Court filed a second Order on January 3, 2014, giving Plaintiff through January 23, 2014, to file her response to the motion for summary judgment. [Doc. 62.] Plaintiff was specifically advised that if she failed to respond, this action would be dismissed for failure to prosecute. Plaintiff elected not to respond.

Based on the foregoing, it appears Plaintiff no longer wishes to pursue this action. "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.

---

[*] Plaintiff was represented by counsel when this action was filed in the Cherokee County Court of Common Pleas; however, the Honorable Mary G. Lewis relieved J. William Ray as counsel for Plaintiff on March 12, 2013. [Doc. 34.] Plaintiff has proceeded pro se since March 12, 2013.

1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to dismiss cases with prejudice *sua sponte*." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indust., Inc.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty., Va.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

The Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

(1) the degree of personal responsibility on the part of the plaintiff;

(2) the amount of prejudice to the defendant caused by the delay;

(3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and

(4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978) (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)). Subsequently, however, the Fourth Circuit noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

Because Plaintiff is proceeding pro se, she is personally responsible for her failure to file a response. Plaintiff has had over two months to respond to the motion for summary judgment. Under the *Roseboro* Order, Plaintiff's response was due by December 30, 2013, and despite being advised of the possible consequences if she failed to adequately respond, Plaintiff elected not to respond. The Court filed a second Order, reminding Plaintiff a response was due, giving her additional time—until January 23, 2014—to respond, and warning her the case would be dismissed pursuant to Rule 41(b) if she failed to file a response. However, Plaintiff has failed to respond. Because Plaintiff has already ignored Court Orders and deadlines, sanctions less drastic than dismissal would not be effective.

Wherefore, based upon the foregoing, the Court recommends the case be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO RECOMMENDED.

                                                s/Jacquelyn D. Austin
                                                United States Magistrate Judge

January 27, 2014
Greenville, South Carolina