UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kimberly Ann Nolen, | ) | Civil Action No. 7:12-2877-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Cherokee County, Ben Clary, Barry J. Barnette, Marlana Dover, Greg Phillips, Vickie Campbell, John Doe, and Jane Doe, | ) ) ) | **OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Kimberly Ann Nolen ("Plaintiff") filed this action against Cherokee County, Ban Clary, Barry J. Barnette, Marlana Dover, Greg Phillips, Vickie Campbell, John Doe and Jane Doe ("Defendants") alleging causes of action for gross negligence, grossly negligent supervision, breach of fiduciary duty, unauthorized practice of law, wrongful detention/ false imprisonment, interference with prospective employment, and violation of civil rights. (ECF No. 1.) This matter is now before the Court upon the Magistrate Judge's Report and Recommendation filed on January 27, 2014, recommending this case be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure on the grounds that Plaintiff failed to comply with this Court's orders. (ECF No. 68.) More specifically, Plaintiff failed to comply with this Court's orders of November 25, 2013 (ECF No. 55), and January 3, 2014 (ECF No. 62), directing Plaintiff to respond to Defendants' motion for summary judgment filed on November 22, 2013. (ECF No. 54.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pretrial handling. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S.

261, 270 (1976). The Court may accept, reject, or modify, in whole or in part, the Report and Recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made. Plaintiff was advised of her right to file objections to the Report and Recommendation. (ECF No. 68-1 at 1.) However, she has not done so and objections were due on February 13, 2014. In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005).

After a careful review of the record, the applicable law, and the Report and Recommendation, the Court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is DISMISSED pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
February 27, 2014